IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHRIS GRINDLING,<br>#26868-506,<br><br>Petitioner,<br><br>vs.<br><br>FNU DOSONJ,<br><br>Respondent. | Civil No. 1:26-cv-00487-MWJS-RT<br><br>DISMISSAL ORDER |

## **DISMISSAL ORDER**

On November 9, 2026, the court received pro se Petitioner Chris Grindling's timely answer, Dkt. No. 8, to the Court's October 30, 2026, order to show cause, Dkt. No. 7. Because Grindling has not shown that he is in custody pursuant to a state court judgment, the court lacks jurisdiction to consider this habeas action filed under 28 U.S.C. § 2254. *See* Dkt. No. 1. The petition, Dkt. No. 1, is therefore DISMISSED. This dismissal is without leave to amend because any such amendment would be futile.

## **BACKGROUND**

The following facts are taken from the allegations in the petition and the publicly available records in Grindling's ongoing federal criminal case. *See United States v.*

*Grindling*, No. 25-00066 LEK (D. Haw.). In that case, Grindling is currently awaiting sentencing.

During the forty years between 1986 and 2026, Grindling accumulated thirty convictions in Hawaiʻi state court. Dkt. No. 1, at pg. 1. In all the cases underlying those convictions, Grindling claims that he was actually innocent, denied counsel, or both. *Id.* at pg. 3.

On July 14, 2025, Grindling was arrested pursuant to a warrant, and the United States filed a criminal complaint against him. *See* Criminal Compl., *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. July 14, 2025), Dkt. No. 1. Grindling made his initial appearance two days later, and the government filed a motion to detain him. *See* Mot. to Detain, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. July 16, 2025), Dkt. No. 4.

Grindling was charged by way of indictment on July 24, 2025, with one count of possession with intent to distribute fifty grams or more of methamphetamine. *See* Indictment, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. July 24, 2025), Dkt. No. 10. After a hearing, a magistrate judge ordered Grindling's detention pending trial. *See* Order of Det. Pending Trial, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. July 31, 2025), Dkt. No. 17.

In August 2025, Grindling moved the court to reopen his detention hearing and to release him to a residential drug treatment program. *See* Def.'s Mot. to Reopen Det. Hr'g, *Grindling,* No. 1:25-cr-00066-LEK (D. Haw. Aug. 8, 2025), Dkt. No. 22. A

magistrate judge granted the motion and ordered Grindling's release on an unsecured bond to Sand Island Treatment Center, once bed space became available. *See* Minutes, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Aug. 19, 2025), Dkt. No. 29. Grindling was released on September 18, 2025. *See* Abstract of Release, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Sept. 16, 2025), Dkt. No. 34.

Less than three weeks later, the government filed a petition to revoke Grindling's pretrial release. *See* Pet. for Action on Conditions of Pretrial Release, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Oct. 6, 2025), Dkt. No. 36. At the conclusion of a hearing on October 24, 2025, a magistrate judge revoked Grindling's pretrial release. *See* Minutes, *Grindling,* No. 1:25-cr-00066-LEK (D. Haw. Oct. 24, 2025), Dkt. No. 54. A district judge denied Grindling's appeal from that decision. *See Grindling,* No. 1:25-cr-00066-LEK (D. Haw. Dec. 15, 2025), Dkt. No. 74.

In March 2026, Grindling moved for reconsideration of his detention order. *See* Def.'s Mot. for Recons. of Det. Order, *Grindling,* No. 1:25-cr-00066-LEK (D. Haw. Mar. 18, 2026), Dkt. No. 94. In his motion, Grindling sought to be released to his home on Maui. *Id.* In opposition, the government noted, among other things, Grindling's "significant criminal history." *See* Resp. to Def.'s Mot. for Recons. of Det. Order, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Apr. 6, 2026), Dkt. No. 101, at pg. 8. The court denied the motion. *See* Order Den. Def.'s Mot. for Recons. of Det. Order, *Grindling,* No. 1:25-cr-00066-LEK (D. Haw. Apr. 10, 2026), Dkt. No. 103. Grindling

appealed, *see* Pet. for a Writ of Mandamus, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Apr. 21, 2026), Dkt. No. 109, and the Ninth Circuit affirmed both the district court's order revoking pretrial release and its order denying reconsideration, *see* Order, *United States v. Grindling*, No. 26-2484 (9th Cir. Aug. 10, 2026).

In the meantime, Grindling filed a motion under 28 U.S.C. § 2255 seeking to challenge his state court convictions. *See* Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. June 17, 2026), Dkt. No. 129. The court dismissed the motion. *See* Order, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. July 30, 2026), Dkt. No. 148. In doing so, the court explained that any motion under 28 U.S.C. § 2255 was premature because Grindling had not been convicted and sentenced in his federal criminal case, and, even liberally construing the filing as petition under 28 U.S.C. § 2254, Grindling was not entitled to relief. The court stated that any challenges to Grindling's state court convictions appeared to be untimely, and Grindling did not show that he had satisfied the exhaustion requirement. Finally, the court stated that Grindling had failed to show that he was in custody pursuant to any state court judgment that he sought to challenge.

Last month, Grindling again moved for release from custody. *See* Mot. for Release from Custody, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Oct. 14, 2026), Dkt.

No. 230. The court denied that motion on October 22, 2026. *See* Minutes, *Grindling*, No. 1:25-cr-00066-LEK (D. Haw. Oct. 22, 2026), Dkt. No. 253.

Grindling commenced this action after signing the petition on September 7, 2026. Dkt. No. 1. In the petition, Grindling states that he seeks to challenge thirty state court convictions that he accumulated during the forty years between 1986 and 2026. *Id.* at pg. 1. In all the cases underlying those convictions, Grindling asserts that he was actually innocent, denied counsel, or both. *Id.* at pg. 3. After receiving and reviewing the petition, the court ordered Grindling to answer several questions, including whether he is currently in custody pursuant to the judgment of a state court. Dkt. No. 5. In his response, Grindling acknowledges that he is "not in custody [pursuant] to a state court judgment." Dkt. No. 6, at pg. 1. Grindling nevertheless contends that he was denied pretrial release in his pending criminal case at least in part because of his state court convictions. *Id.*

On October 30, 2026, the court issued an order to show cause. Dkt. No. 7. In that order, the court instructed Grindling to show cause in writing why the petition should not be dismissed for lack of jurisdiction. *Id.* at pg. 10. The court received Grindling's timely answer on November 9, 2026. Dkt. No. 8.

## <u>LEGAL STANDARD</u>

Rule 4 of the Habeas Rules requires the court to make a preliminary review of each petition for writ of habeas corpus. The Court may summarily dismiss a habeas

corpus petition *sua sponte* if "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

**DISCUSSION**

As the court explained in its order to show cause, federal courts lack jurisdiction over habeas corpus petitions under 28 U.S.C. § 2254 unless the petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). This "in custody" requirement does not necessarily require physical confinement, but "the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

In *Maleng*, the Supreme Court considered whether a habeas petitioner remains "in custody" under a state conviction after the sentence imposed has fully expired, simply because that conviction could be used to enhance sentences imposed for subsequent crimes. *Id.* at 492. The Court held that this scenario does not satisfy the "in custody" requirement. A contrary ruling, the Court explained, "would mean that a petitioner whose sentence has completely expired could nonetheless challenge the

conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute." *Id.* at 492.

Here, Grindling has acknowledged that he is "not in custody [pursuant] to a state court judgment." Dkt. No. 6, at pg. 1. He does not contend otherwise in his answer. *See* Dkt. No. 8. Because of this, the court lacks jurisdiction to consider a petition challenging any of Grindling's state court convictions. *Maleng*, 490 U.S. 490–91.

In the petition, Grindling cites *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394 (2001), apparently in support of an argument that he should be allowed to challenge his thirty state court convictions under 28 U.S.C. § 2254 because those convictions were considered in denying his requests for pretrial release in his ongoing federal criminal case. Dkt. No. 1.

In *Lackawanna*, a state prisoner sought to challenge a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the prisoner was no longer in custody. *Id.* at 396. The Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403. Even if the earlier conviction is later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence

through a petition under [28 U.S.C. § 2254] on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04.

The Court recognized one exception to this rule—that is, "for [28 U.S.C. § 2254] petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. For the exception to apply, however, "the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies." *Id.* (citing 28 U.S.C. § 2254(b)).

Unlike the petitioner in *Lackawanna*, who was in custody pursuant to a state court judgment, Grindling is not. Instead, Grindling is a federal detainee awaiting sentencing. Nothing in *Lackawanna* suggests that someone in Grindling's current position can file a habeas petition under 28 U.S.C. § 2254 to challenge a prior state court conviction for which he is no longer in custody.

While Grindling was a pretrial detainee, the proper forum for raising any concerns regarding his criminal history was the custody hearing before the magistrate judge. *See* 18 U.S.C. § 3142(f) ("The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise."); 18 U.S.C. § 3142(g) (identifying factors to be considered, including person's criminal history). Moreover, Grindling could have sought review of the magistrate judge's decision by a district court judge, and he could

have appealed to the Ninth Circuit. *See* 18 U.S.C. § 3145. Now that Grindling has been found guilty and is awaiting sentencing, the standards for seeking release are set forth under 18 U.S.C. § 3143(a).

There is a further reason why a 28 U.S.C. § 2254 petition does not appear to be the appropriate vehicle for raising Grindling's concerns. Assuming, for the sake of argument, that *Lackawanna*'s exception applies not only to an enhanced state sentence, but also to federal detention pending sentencing, the Supreme Court made clear that the "petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies." 532 U.S. at 404. Although Grindling states that he sought post-conviction relief in most of his state criminal cases, Dkt. No. 8, at pg. 1, he has not shown that he properly exhausted the Sixth Amendment argument that he attempts to advance here. Moreover, to the extent Grindling seeks to challenge multiple state court judgments, he cannot do so in a single habeas petition. *See* Habeas Rule 2(e) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); *Maddox v. Thomas*, No. CV 18-00133, 2018 WL 2187976, at *3 (D. Haw. May 11, 2018) ("Allowing this single [p]etition to challenge these two distinct and separate judgments may confuse the issues and thwart the twin purposes of the Anti-Terrorism and Effective Death Penalty Act of 1996." (cleaned up)). In short, even if the court had jurisdiction

under the theory Grindling advances—which it does not—it would not be appropriate to entertain his request for relief.

## **CONCLUSION**

(1) The petition, Dkt. No. 1, is DISMISSED. Because the court finds that amending the petition would be futile, this dismissal is without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close this case.

(3) Any certificate of appealability is DENIED because jurists of reason would not find it debatable that this court lacks jurisdiction over the petition.

IT IS SO ORDERED.

DATED: November 10, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge